STIRNA v. BEEBE.

(Supreme Court, Appellate Division, Second Department. December 22, 1896.)

PAYMENT—PLEADING AND PROOF.

In an action for services performed on a farm, during a period of two years, under an employment by the month, where plaintiff was a man of family, it could be shown, under a plea of payment, that, at his request, during the said period, defendant had furnished him with pork, potatoes, etc., and that he had had the use of other property furnished by defendant.

Appeal from Suffolk county court.

Action by George Stirna against William M. Beebe. From a judgment entered on the report of a referee in favor of plaintiff, defendant appeals. Reversed.

Argued before BROWN, P. J., and CULLEN, BARTLETT, HATCH, and BRADLEY, JJ.

George F. Stackpole, for appellant.
Timothy M. Griffing, for respondent.

PER CURIAM. The action was brought to recover the balance due to the plaintiff for services performed by him for the defendant. He, by the complaint, alleges that the amount due him for such services is $373.35. The defendant, by his answer, denies such allegation, admits that the plaintiff performed services for him between January 1, 1894, and January 25, 1896, to the amount of $611, and alleges that he has paid the plaintiff on account of them $508.71, leaving due the plaintiff a balance of $102.29. The plaintiff recovered $171.04 and interest. The services were performed for the defendant on his farm, and extended through the period of two years. There is no controversy about the labor performed, or the measure of compensation to which the plaintiff was entitled.

The question presented arose on exceptions taken to the exclusion of evidence offered by the defendant. He was permitted to prove payments in money, made to or for the plaintiff at his request; but it seems that evidence to the effect that the defendant furnished to the plaintiff other things, for his purposes and use, at his request, was excluded. Some of the questions calling for such evidence may have been objectionable in form, but there is some indication in the record that the evidence of that character was deemed as not within the alleged defense of payment, and was the subject of counterclaim merely. No counterclaim, as such, was alleged. When this question was raised, by a ruling made in that respect early in the trial, the defendant made motion to amend by alleging facts constituting a counterclaim. This was denied, and, in consequence of the want of it in the answer, evidence of the character above mentioned was excluded, and properly so, unless it could be treated as that of payment.

It is true that, generally, the sale of property, or the furnishing of it by one person to another, for his use, at his request, on credit, express or implied, constitutes a mere claim for the value of it, or of its use. But the relation of the parties at the time may be such as to indicate or permit the inference that the things so furnished were supplied and taken to be applied upon or on account of an existing claim, and in satisfaction of it pro tanto. That view is permitted by the situation of the parties in the present case. The plaintiff was at work for the defendant by the month. He had a family. The things to which the excluded evidence related were pork, potatoes, etc., as well as the use of property furnished by the defendant to the plaintiff while he was so engaged in the service of the defendant. Under such circumstances the inference was fairly warranted that whatever was furnished by the defendant to the plaintiff, at his request and for his use, concurrently with the performance of the service, was furnished and had and received on account of and in payment upon the wages earned by the plaintiff in such service; and therefore the evidence referred to was rendered admissible by the alleged defense of payment.

It follows that the judgment should be reversed and a new trial granted before another referee, costs to abide the event.